**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LAVERN BERRYHILL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-11-307-D |
| | ) | |
| JUSTIN JONES, DIRECTOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has also requested *in forma pauperis* status. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth, it is recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g).

**I.     Factual Background**

On March 17, 2011, Plaintiff filed his Complaint [Doc. #1] and Motion for Leave to Proceed *In Forma Pauperis* [Doc. #2]. The Court's initial review of the Complaint and court records establishes Plaintiff has filed numerous other civil rights lawsuits.

Judicial notice of the Court's records establishes that Plaintiff has previously been denied the privilege of proceeding *in forma pauperis* in civil actions filed in this Court based on the finding that Plaintiff had, at that time, previously filed at least three civil actions that were dismissed for failure to state a claim upon which relief may be granted and/or as frivolous. Most recently, this Court summarized Plaintiff's litigation history and the prior actions dismissed by this Court in *Berryhill v. Miles-LaGrange, et al.*, Case No. CIV-10-

802-HE, United States District Court for the Western District of Oklahoma. *See id*. Report and Recommendation [Doc. #6] (filed July 30, 2010); Order Adopting Report and Recommendation [Doc. #12] (filed September 30, 2010); and Order [Doc. #13] (filed October 25, 2010, dismissing action for failure to pay $350 filing fee). Plaintiff appealed the dismissal to the Tenth Circuit Court of Appeals and the Tenth Circuit dismissed the appeal for lack of prosecution. *See id*. Order [Doc. #19] (filed January 3, 2011).[1]

**II.** **Analysis**

Plaintiff's request to proceed *in forma pauperis* is subject to the conditions of 28 U.S.C. § 1915(g), the "three strikes" provision. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Where, as here, a prisoner has "three strikes," the prisoner may not invoke the privilege of proceeding *in forma pauperis* and, instead, must prepay the full $350

---

[1] Almost contemporaneously with these proceedings, in another action filed by Plaintiff in the Western District of Oklahoma, similar findings of Plaintiff's litigation history and dismissal of prior actions was addressed in *Berryhill v. Greenway*, Case No. CIV-10-714-D, United States District Court for the Western District of Oklahoma. *In forma pauperis* status was also denied in that case. *See* Report and Recommendation [Doc. #6] (filed July 9, 2010); Order Adopting [Doc. #12] (filed August 4, 2010); and Order Dismissing Case [Doc. #23] (filed November 1, 2010). The Court takes judicial notice of these Court records as well.

filing fee. Proceeding *in forma pauperis* is barred unless the prisoner demonstrates that he or she is in "imminent danger of serious physical injury."

Here, the Court's records clearly demonstrate that Plaintiff has "three strikes" and that the provisions of § 1915(g) apply. Further, Plaintiff has failed to demonstrate that the imminent danger of serious physical injury exception applies. In the Complaint, Plaintiff alleges Defendants have deprived him of physical exercise resulting in mental injuries to Plaintiff. In his Brief in Support [Doc. #3], Plaintiff uses the statutory phrase "imminent danger of serious physical injury" but makes no factual allegations in support. Further, Plaintiff makes conclusory allegations of "mental injury" but offers no specific allegations and otherwise fails to demonstrate that he is in imminent danger of serious *physical* injury. *See Hafed v. Federal Bureau of Prisons*, __ F.3d __, 2011 WL 338417 at *1 (10th Cir. Feb. 4, 2011) (for publication) ("To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make specific, credible allegations of imminent danger.") (*internal quotations and citation omitted*). Accordingly, Plaintiff is not entitled to proceed *in forma pauperis* under the exception to the three strikes provision of 28 U.S.C. § 1915(g), and his Motion for Leave to Proceed *In Forma Pauperis* should be denied. In addition, Plaintiff's action should be dismissed unless Plaintiff prepays the entire $350 filing fee.

## RECOMMENDATION

It is recommended that Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. #2] be denied. It is further recommended that the cause of action be dismissed without prejudice unless Plaintiff prepays the entire $350 filing fee within 21 days of any order adopting this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by April __18th__, 2011. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __28th__ day of March, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE