# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVERN BERRYHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO.CIV-11-307-D |
| | ) | |
| JUSTIN JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

In this 42 U. S. C. § 1983 action, Plaintiff asserts constitutional violations against several defendants, alleging they have deprived him of physical exercise and caused him severe mental injuries during his incarceration at the Oklahoma State Reformatory. Appearing *pro se*, Plaintiff seeks to proceed *in forma pauperis.* Pursuant to 28 U. S. C. § 636 § B(1)(B) and (C), the matter was referred to United States Magistrate Judge Valerie K. Couch for initial consideration.

On March 28, 2011, the Magistrate Judge filed a Report and Recommendation [Doc. No. 7] in which she recommended that the motion to proceed *in forma pauperis* be denied pursuant to 28 U. S. C. § 1915(g). Plaintiff timely objected to the Report and Recommendation; in his objection, he also seeks additional time to filed an amended complaint. The matter is reviewed *de novo.*

As the Magistrate Judge explained in the Report and Recommendation, Plaintiff's request to proceed *in forma pauperis* is governed by 28 U. S. C. § 1915(g), which provides, in pertinent part, that such requests must be denied where the inmate has, on three or more prior occasions during his incarceration, brought a federal court action or appeal which was dismissed on certain grounds. The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U. S. C. § 1915(g). This statutory section precludes an inmate whose litigation history includes three such prior occasions, or "strikes," from proceeding *in forma pauperis* in a subsequent action. Instead, the inmate must pay the full $350.00 filing fee to pursue the action. *Jennings v. Natrona County Detention Center Medical Facility*, 175 F. 3d 775, 778 (10th Cir. 1999).

As the Magistrate Judge correctly concluded, § 1915(g) applies because Plaintiff has filed at least three prior actions which were dismissed as frivolous or malicious or because the complaints failed to state a claim upon which relief may be granted. *See* summary of Plaintiff's litigation history in *Berryhill v. Greenway*, No. CIV-10-714-D, United States District Court for the Western District of Oklahoma, Order of August 4, 2010 [Doc. No. 12] (noting that, by 1999, Plaintiff had filed eleven § 1983 actions, three of which had been dismissed for failure to state a claim for relief and/or as frivolous, and that Plaintiff had thereafter continued to seek *in forma pauperis* status).

To avoid the restriction of the "three strikes" provision, an inmate must show that he is "under imminent danger of serious physical injury." 28 U. S. C. § 1915(g). As the Magistrate Judge pointed out in the Report and Recommendation, Plaintiff has attempted to do so in this case because he cites the phrase "imminent danger of serious physical injury." However, he offers no factual allegations to support that conclusory allegation. Instead, he alleges he has been deprived of physical exercise which he contends causes him mental injury. This conclusory allegation is insufficient; furthermore, it does not include the "specific, credible allegations of imminent danger" required to satisfy the exception in § 1915(g). *Hafed v. Federal Bureau of Prisons*, __ F. 3d. __, 2011 WL 338417, at *1 (10th Cir. Feb. 4, 2011). Accordingly, the Magistrate Judge correctly concluded that Plaintiff does not qualify for *in forma pauperis* status, and his motion must be denied.

In his objection to the Report and Recommendation, Plaintiff accuses the District Judges in

this Court of conspiring against him to prevent him from pursuing § 1983 claims by imposing upon him the requirement that he demonstrate imminent physical danger. That accusation is without merit; the express language of the statute imposes this restriction, and it is not the result of any decision by the judges of this Court. Plaintiff also argues that, by accepting his Complaint for filing, the Clerk of this Court recognized that Plaintiff is in imminent danger; he suggests that the Complaint would not have been filed if the Clerk had not made that determination.

Plaintiff is incorrect. The Court Clerk is not authorized to make this determination when an inmate's Complaint is submitted for filing. Instead, where the inmate seeks authorization to proceed *in forma pauperis*, a United States Magistrate Judge must determine whether he is eligible to do so; that determination may, as here, be reviewed by a District Judge. Plaintiff's contention to the contrary is without merit.

Accordingly, the Report and Recommendation [Doc. No. 7] is ADOPTED as though fully set forth herein. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 2] is DENIED. Plaintiff is directed to pay the full filing fee of $350.00 no later than 21 days from the date of the filing of this Order. His failure to do so will result in the dismissal of this action without prejudice.

IT IS SO ORDERED this 21st day of April, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE